UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-cv-770

| | | |
|---|---|---|
| **CONTOUR PRODUCTS, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**PILLOW SOLVE INC.**<br><br>Defendant. | ) | **<u>COMPLAINT</u>**<br>**(Jury Trial Demanded)** |

Plaintiff Contour Products, Inc. ("CPI" or "Plaintiff") complaining of Defendant Pillow Solve Inc. ("Pillow Solve" or "Defendant") alleges the following.

## INTRODUCTION

1. This is an action for (i) declaratory judgment of noninfringement and invalidity of a United States patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and (ii) tortious interference with contract and prospective economic advantage under applicable state law.

2. This action seeks a declaration that Plaintiff's Contour Legacy Knee Pillow with removable strap (the "Accused Product") does not infringe any enforceable claim of U.S. Patent No. 10,143,311 (the "'311 Patent") and that the claims of the '311 Patent are invalid.

3. An actual and justiciable controversy exists between Plaintiff and Defendant concerning the Accused Product and the '311 Patent. The controversy arose after Defendant asserted the '311 Patent against Plaintiff and caused Amazon.com, Inc. ("Amazon") to remove Plaintiff's product listing from its marketplace.

4. Through its assertion of the ’311 Patent and efforts to remove Plaintiff's product from Amazon's marketplace, Defendant has interfered with Plaintiff's contract with Amazon and sales with prospective customers, causing Plaintiff to suffer damages including lost sales, lost business opportunities, and other economic harm.

## PARTIES

5. Plaintiff Contour Products, Inc. is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 3400 International Airport Dr., Suite 900, Charlotte, North Carolina 28208.

6. On information and belief, Defendant Pillow Solve Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 88 Davenport Road, PH2B, Toronto, Ontario M5R 0A5, Canada, and is the current assignee of record of the ’311 Patent.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has subject matter jurisdiction over Plaintiff’s claims for declaratory judgment of noninfringement and invalidity pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. This Court has supplemental jurisdiction over Plaintiff’s claim for tortious interference with prospective economic advantage pursuant to 28 U.S.C. § 1367 because that claim forms part of the same case or controversy as Plaintiff’s claims for declaratory judgment of noninfringement and invalidity.

10. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution, N.C. Gen. Stat. § 1-75.4, and Fed. R. Civ. P. 4(k)(2).

11. This Court has personal jurisdiction over Defendant because Defendant purposefully directed patent enforcement activities toward Plaintiff in this District by submitting, or causing to be submitted, a patent infringement complaint to Amazon asserting that Plaintiff's Contour Legacy Knee Pillow with removable strap infringes the ’311 Patent and seeking removal of Plaintiff's Amazon listing.

12. Defendant intentionally directed patent infringement allegations at Plaintiff, a North Carolina corporation headquartered in this District, with the purpose and effect of disrupting Plaintiff’s sales activities conducted from this District.

13. Defendant knew or should have known that Plaintiff conducts substantial business in this District and that Defendant’s actions would have consequences for Plaintiff here. Plaintiff’s claims and the harm caused by Defendant’s unlawful activities arise directly from Defendant’s patent enforcement activities in this State and District.

14. Upon information and belief, Defendant’s infringement allegations caused Amazon to remove or otherwise disable Plaintiff’s product listing for the Accused Product. As a result, Plaintiff suffered lost sales, lost revenue, and other harm in this State and District.

15. Defendant’s assertion that the Accused Product infringes the ’311 Patent, together with Amazon’s removal of Plaintiff’s listing, has created a real, substantial, immediate, and justiciable controversy between the parties regarding infringement and validity of the ’311 Patent.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the injury suffered by Plaintiff in this District as a result of Defendant's patent enforcement activities.

17. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is not a resident of the United States and may be sued in any judicial district.

## FACTUAL BACKGROUND

18. Plaintiff CPI is a designer, manufacturer, and seller of orthopedic support and comfort products, including cushions and pillows marketed for pain relief and sleep positioning. CPI sells its products nationwide, including through its own websites and through online marketplaces such as Amazon.com.

19. CPI's headquarters and employees are located in Charlotte, North Carolina.

20. CPI manages the manufacture, sales, and shipment of its products from its Charlotte, North Carolina office.

21. The '311 Patent, titled "Knee Pillow," issued on December 4, 2018, from U.S. application Ser. No. 15/470,052, and claims priority to Canadian patent application 2,882,016, filed October 8, 2014. Eileen Pelletier is named as the sole inventor.

22. The specification of the '311 Patent states that "the rounded end 14 of the stuffed pillow 10 provides a tapering of the pillow in both the thickness between the legs or knees and a tapering in width" and that the taper "reduces the amount of material so that the material does not come into sufficient contact with the knee caps to cause displacement and discomfort."



Figure 5

23. The Abstract of the ’311 Patent states: “The knee pillow provides sufficient padding above the knee to provide leg spacing and provides padding at the knee to prevent discomforting contact between the medial epicondyle bones and to provide leg alignment for proper posture. The knee cushion is shaped to prevent discomforting displacement of the knee caps (patella).”

24. The ’311 Patent contains three (3) independent claims: Claims 1, 19, and 20.

25. Independent Claim 1 of the ’311 Patent recites, in relevant part, a “cushion comprising: a first region having a width configured to extend across a thigh portion, a variable thickness configured to extend between the two thigh portions … a second region configured to extend lengthwise from the first region across an epicondyle portion and having a width reduced with respect to the width of the first region, a continuously variable thickness substantially reduced with respect to the thickness of the first region....” As recited in independent Claim 1 of the ’311 Patent, the “thickness” of the first region is the part of the first region that extends between the two thigh portions.

26. Independent Claim 19 of the ’311 Patent recites, in relevant part, a “method comprising: providing a cushion comprising a first region having a width configured to extend across a thigh, a thickness configured to extend between the thighs … providing a second region of the cushion substantially continuously tapering from the first region and having a width reduced with respect to the width of the first region for extending across medial epicondyle bones of knees of the user, a thickness reduced with respect to the thickness of the first region....” As recited in independent Claim 19 of the ’311 Patent, the “thickness” of the first region is the part of the first region that extends between the thighs.

27. Independent Claim 20 of the ’311 Patent recites, in relevant part, a “cushion comprising: a first region having a width configured to extend across a thigh, a thickness

configured to extend between the thighs . . . a second region of the cushion substantially continuously tapering from the first region and having a width reduced with respect to the width of the first region for extending across medial epicondyle bones of knees of the user, a thickness reduced with respect to the thickness of the first region....” As recited in independent Claim 20 of the ’311 Patent, the “thickness” of the first region is the part of the first region that extends between the thighs.

28. Plaintiff manufactures and sells, including through Amazon, a leg and knee pillow marketed as the “Contour Legacy Knee Pillow” with a removable strap (the “Accused Product”), which was previously offered on Amazon under ASIN B0G75GFQY1 and ASIN B0G7521P76.

29. Product photographs of the Accused Product show the physical configuration of the product, including the region identified by Plaintiff as differing from the structure recited in independent Claims 1, 19 and 20 of the ’311 Patent.







30. The thickness of the first region of the Accused Product that extends between the thighs is approximately 1 inch to 1.5 inches and the thickness of the second region of the Accused Product is approximately 2.5 inches to 3 inches.

31. The thickness of the first region of the Accused Product that extends between the thighs is less than the thickness of the second region and, therefore, the Accused Product does not include "a second region … having … a continuously variable thickness substantially reduced with respect to the thickness of the first region," as recited in independent Claim 1 of the '311 Patent or "a second region … having … a thickness reduced with respect to the thickness of the first region," as recited in independent Claims 19 and 20 of the '311 Patent.

32. Upon information and belief, Defendant submitted, or caused to be submitted, a complaint through Amazon's patent-reporting procedures identifying the Accused Product and alleging that the Accused Product infringed the '311 Patent.

33. Upon information and belief, Defendant knew or should have known its infringement complaint was meritless when lodging this complaint with Amazon.

34. Defendant's complaint required CPI's employees in North Carolina to devote significant hours to responding to Defendant's infringement complaint.

35. Defendant's complaint caused Amazon to remove Plaintiff's U.S. listing for the Accused Product (ASIN B0G75GFQY1) based on the alleged infringement of the '311 Patent.

36. Defendant's complaint caused Amazon to remove Plaintiff's U.S. listing for the Accused Product (ASIN B0G7521P76) based on the alleged infringement of the '311 Patent.

37. Because of Defendant's complaint, Amazon has frozen CPI's inventory currently in Amazon's possession and has indicated that the inventory is scheduled for "disposal" by October 4, 2026.

38. As a direct result of Defendant's infringement allegations and the resulting Amazon takedown, Plaintiff has suffered and continues to suffer commercial harm, including lost sales, lost

revenue, and reputational harm resulting from the delisting of its product from Amazon and, among other things, the impact that delisting has on CPI's reputation as an Amazon seller.

## **COUNT I: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,143,311**

39. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

40. An actual and justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Product infringes any valid claim of the '311 Patent.

41. Independent Claim 1 recites, in relevant part, "a second region … having … a continuously variable thickness substantially reduced with respect to the thickness of the first region." The Accused Product does not satisfy this limitation. The thickness of the first region of the Accused Product that extends between the thighs is less than the thickness of the second region and, therefore, the Accused Product does not include "a continuously variable thickness substantially reduced with respect to the thickness of the first region," as recited in independent Claim 1.

42. Independent Claims 19 and 20 recite, in relevant part, "a second region … having … a thickness reduced with respect to the thickness of the first region…." The thickness of the first region of the Accused Product that extends between the thighs is less than the thickness of the second region and, therefore, the Accused Product does not include "a thickness reduced with respect to the thickness of the first region," as recited in independent Claims 19 and 20 of the '311 Patent.

43. For at least these reasons, Plaintiff's Contour Legacy pillow with removable strap does not infringe independent Claims 1, 19, or 20, or any claim depending therefrom, of the '311 Patent.

44. Plaintiff is entitled to a judicial declaration that its manufacture, use, sale, offer for sale, and/or importation of the Accused Product does not infringe, either directly, indirectly, contributorily, or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’311 Patent.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,143,311**

45. Plaintiff incorporates and realleges the foregoing paragraphs as if set forth fully herein.

46. Based on Defendant’s allegations that the Accused Product infringes the ’311 Patent, an actual controversy has arisen and now exists between the parties concerning the validity of the claims of the ’311 Patent.

47. Upon information and belief, Claims 1-20 of the ’311 Patent are invalid under 35 U.S.C. § 112(a) for failing to comply with the written description requirement because the claims contain subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor at the time the application was filed, had possession of the claimed invention.

48. Upon information and belief, Claims 1-20 of the ’311 Patent are invalid under 35 U.S.C. § 132(a) because Claims 1-20 of the ’311 Patent were amended during examination to introduce new matter into the disclosure of the invention.

49. Independent Claim 1 and dependent Claims 2-18 depending therefrom, recite “a *continuously variable* thickness *substantially* reduced with respect to the thickness of the first region….” The recitations “*continuously variable*” and “*substantially* reduced” are not supported by the written description at the time the application was filed and were added by amendment on November 8, 2017, in contravention of 35 U.S.C. §§ 112(a) and 132(a). Independent Claim 1, and

dependent Claims 2-18 depending therefrom, are therefore invalid under 35 U.S.C. §§ 112(a) and 132(a).

50. Independent Claim 19 recites "providing a second region of the cushion *substantially continuously* tapering from the first region…." The recitation "*substantially continuously*" is not supported by the written description at the time the application was filed and was added by amendment on November 8, 2017, in contravention of 35 U.S.C. §§ 112(a) and 132(a). Independent Claim 19 is therefore invalid under 35 U.S.C. §§ 112(a) and 132(a).

51. Independent Claim 20 recites "a second region of the cushion *substantially continuously* tapering from the first region…." The recitation "*substantially continuously*" is not supported by the written description at the time the application was filed and was added by amendment on November 8, 2017, in contravention of 35 U.S.C. §§ 112(a) and 132(a). Independent Claim 20 is therefore invalid under 35 U.S.C. §§ 112(a) and 132(a).

52. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff is entitled to a judicial declaration that the claims of the '311 Patent are invalid.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACT

53. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

54. Prior to the removal of its Amazon listing, Plaintiff had a valid contract with Amazon that allowed Plaintiff to market and sell the Accused Product through Amazon's marketplace and Plaintiff had a reasonable expectancy of continuing under the contract to market and sell the Accused Product through Amazon's marketplace.

55. On information and belief, Defendant knew of Plaintiff's contract with Amazon that allowed Plaintiff to market and sell the Accused Product through Amazon's marketplace.

56. Defendant intentionally and wrongfully interfered with Plaintiff's contract with Amazon to market and sell the Accused Product through Amazon's marketplace by causing Amazon to remove Plaintiff's U.S. listing for the Accused Product based on the alleged infringement of the '311 Patent.

57. Upon information and belief, Claims 1-20 of the '311 Patent are invalid and not infringed by the Accused Product and Defendant acted without justification to cause Amazon to remove Plaintiff's U.S. listing for the Accused Product based on the alleged infringement of the '311 Patent.

58. When lodging a complaint of patent infringement to Amazon, Defendant knew or should have known that the Accused Product did not infringe its patent.

59. In this way, Defendant weaponized false claims of patent infringement as an alternative to engaging in legitimate business competition.

60. As a direct and proximate result of Defendant's infringement allegations, Amazon removed Plaintiff's listing for the Accused Product from Amazon's marketplace.

61. The removal of Plaintiff's listing disrupted Plaintiff's ability to sell the Accused Product through Amazon's marketplace and deprived Plaintiff of business opportunities that otherwise would have been reasonably expected to occur.

62. Defendant's conduct was a direct and proximate cause of Plaintiff's loss of sales, loss of business opportunities, and other economic damages.

63. As a result of Defendant's tortious interference, Plaintiff has suffered damages in an amount to be proven at trial.

64. Defendant's conduct has also proximately caused Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

65. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

66. Prior to the removal of its Amazon listing, Plaintiff had a valid contract with Amazon that allowed Plaintiff to market and sell the Accused Product through Amazon's marketplace to existing and prospective customers and Plaintiff had a reasonable expectancy of continuing under the contract with Amazon to market and sell the Accused Product through Amazon's marketplace to existing and prospective customers.

67. Each purchase of the Accused Product by an existing and prospective customer is a contract between Plaintiff and the existing and prospective customer for Plaintiff to sell and the existing and prospective customer to purchase the Accused Product.

68. Defendant knew of Plaintiff's business expectancy and prospective economic relationship arising from Plaintiff's agreement with Amazon allowing Plaintiff to market and sell the Accused Product through Amazon's marketplace to existing and prospective customers.

69. Upon information and belief, Claims 1-20 of the '311 Patent are invalid and not infringed by the Accused Product and Defendant acted without justification to cause Amazon to remove Plaintiff's U.S. listing for the Accused Product based on the alleged infringement of the '311 Patent to thereby induce existing and prospective customers to refrain from entering into purchase contracts with Plaintiff, which contracts would have ensued but for the interference.

70. Defendant intentionally and wrongfully interfered with Plaintiff's agreement with Amazon to market and sell the Accused Product through Amazon's marketplace by causing Amazon to remove Plaintiff's U.S. listing for the Accused Product based on the alleged infringement of the '311 Patent and thereby induce existing and prospective customers to refrain

from entering into purchase contracts with Plaintiff, which contracts would have ensued but for the interference.

71. When lodging a complaint of patent infringement to Amazon, Defendant knew or should have known that the Accused Product did not infringe its patent.

72. In this way, Defendant weaponized false claims of patent infringement as an alternative to engaging in legitimate business competition.

73. As a direct and proximate result of Defendant's infringement allegations, Amazon removed Plaintiff's listing for the Accused Product from Amazon's marketplace thereby inducing existing and prospective customers to refrain from entering into purchase contracts with Plaintiff, which contracts would have ensued but for the interference.

74. The removal of Plaintiff's listing disrupted Plaintiff's ability to sell the Accused Product to existing and prospective customers and deprived Plaintiff of business opportunities that otherwise would have been reasonably expected to occur.

75. Defendant's conduct was a direct and proximate cause of Plaintiff's loss of sales, loss of prospective customers, loss of business opportunities, and other economic damages.

76. As a result of Defendant's tortious interference, Plaintiff has suffered damages in an amount to be proven at trial.

77. Defendant's conduct has also proximately caused Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Contour Products, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. A declaration that the Accused Product does not infringe, and that Plaintiff's manufacture, use, sale, offer for sale, and importation of the Accused Product do not infringe, either directly or indirectly, any valid and enforceable claim of the ’311 Patent.

B. A declaration that each of the claims of the ’311 Patent is invalid;

C. Judgment in favor of Plaintiff on its claim for tortious interference with prospective economic advantage;

D. An award of compensatory damages resulting from Defendant’s tortious interference with Plaintiff’s prospective economic advantage, in an amount to be determined at trial;

E. An award of attorneys’ fees, costs, and expenses pursuant to 35 U.S.C. § 285 and other applicable law;

F. An award of costs pursuant to Rules 54(d) and applicable law;

G. Pre-judgment and post-judgment interest as permitted by law; and

H. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

CPI hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: September 25, 2026

Respectfully Submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Matthew S. DeAntonio*

Matthew S. DeAntonio (NC Bar No. 39625)
Sarah Beth Cain (NC Bar No. 60797)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6115
Emails: mdeantonio@bradley.com
scain@bradley.com

*Attorneys for Plaintiff Contour Products, Inc.*